FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

2006 MAR 15 PM 4:05

FOR THE SOUTHERN DISTRICT OF GEORGIA

CLERK _____
SO. DIST. OF GA.

AUGUSTA DIVISION

DESTINY K. COLEMAN,                  )
                                     )
            Petitioner,              )
                                     )
        v.                           )        CV 105-129
                                     )
BRUCE CHATMAN, Warden,               )
                                     )
            Respondent.              )

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that Petitioner's pending motions (doc. nos. 11-13) be **DENIED** as **MOOT**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On January 28, 2004, a Columbia County, Georgia, grand jury returned a two-count indictment charging Petitioner with child molestation (count one) and contributing to the delinquency of a minor (count two). Resp't Ex. 3. On August 24, 2004, Petitioner, represented by counsel, entered a negotiated guilty plea which allowed Petitioner to plead guilty to statutory rape, a lesser included offense of count one. Resp't Exs. 3, 4. As a factual basis for the plea, Petitioner's counsel described Petitioner's sexual encounter with a fourteen-year-old girl. Resp't Ex. 4. The trial court accepted the plea on August 26, 2004,

and entered a conviction and sentence of ten years, six years to be served in prison, with the balance to be served on probation. Resp't Exs. 3, 4. Petitioner did not appeal or file a motion to withdraw his guilty plea.

However, on March 29, 2005, Petitioner filed a state habeas petition challenging his August 2004 conviction. Resp't Ex. 1. In his state habeas petition, Petitioner argued: (1) he was denied the right to represent himself; (2) he was forced to plead guilty; and (3) counsel's statements describing Petitioner's conduct were lies. See id. Following an evidentiary hearing, the state habeas court denied the petition on June 15, 2005. Resp't Ex. 2. Petitioner did not appeal the denial of his petition by filing an application for a certificate of probable cause to appeal with the Georgia Supreme Court. Instead, on August 15, 2005, Petitioner executed the instant federal petition.

Petitioner brings the following plethora of claims: (1) Petitioner was denied "due process" when he was refused a copy of "trial transcripts" he needed to prepare his state habeas petition (doc. no. 3, pp. 4-5); (2) Petitioner was denied the opportunity to appeal the denial of his state habeas petition when he was refused a copy of the transcript of the state court's evidentiary hearing (id. at 5-7); (3) Petitioner was denied the right to represent himself (id. at 10); (4) the state habeas court erred in not admitting into evidence a copy of Petitioner's motion in the trial court expressing his desire to represent himself (id. at 12); (4) Petitioner's unwanted counsel "undermined" his defense and lied to the trial court regarding Petitioner's actions (id. at 14, 35-36); (5) Petitioner's guilty plea was involuntary and coerced

2

(id. at 16, 22); and (6) Petitioner's arrest was illegal (id. at 37).[1]

In response, Respondent contends that Petitioner has procedurally defaulted his claims by failing to file an application for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court. (See doc. no. 6). For the following reasons, the Court agrees.

## II. DISCUSSION

Petitioner's admitted failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court bars this Court from reaching the merits of his claims. Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state

---

[1]Interestingly, Petitioner has filed two motions to "amend" his petition in which he seeks to "drop" certain of his claims. (See doc. nos. 12-13). As the Court determines that all of Petitioner's claims are procedurally barred, these motions should be **DENIED** as **MOOT**.

prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Giving the state courts a fair opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845. This "one full opportunity" includes pursuing discretionary review with the highest available appellate court. Id. Here, Petitioner has not presented any of his grounds for relief to the appropriate state appellate court. As a result, he did not properly exhaust state court remedies before filing the instant federal petition.

Of particular note in this case, the Eleventh Circuit has explicitly held that, in order to properly exhaust state court remedies, a Georgia inmate must file an application for a certificate of probable cause to appeal the denial of his state habeas petition. See Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004)(per curiam)("[W]e conclude that Pope has failed to exhaust his state remedies by failing to petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his state habeas petition."). Furthermore, Petitioner's failure to properly exhaust his claims has now ripened into a procedural default. "It is well established that when a petitioner has failed to exhaust his claim by failing to fairly

4

present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar." McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005).

Under O.C.G.A. § 9-14-52(b), Petitioner had 30 days from the entry of the state habeas court's order denying him relief to file an application for a certificate of probable cause to appeal with the Clerk of the Georgia Supreme Court. Petitioner did not do so. As the 30-day time limit of § 9-14-52 is jurisdictional, Petitioner is now precluded from seeking appellate review of his claims in state court. See Fullwood v. Sivley, 271 Ga. 248, 250, 517 S.E.2d 511, 513-14 (1999). Consequently, Petitioner is procedurally barred from bringing his claims in a federal habeas petition. Pope, 358 F.3d at 854.

Of course, the Eleventh Circuit has explained:

> A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice.

Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006)(internal citations omitted). In this regard, Petitioner argues he could not file an application for a certificate of probable cause to appeal because: (1) he was refused a copy of his "trial transcripts" (doc. no. 3, p. 4); and (2) he "did not receive [a] transcript of the habeas trial [sic] with the order denying relief on June 29, 2005." (Id. at 5). Plaintiff's argument is not persuasive.

Of particular note, Plaintiff does not aver that he was unaware of the state habeas court's order denying him relief or of the claims he now presses. (See id.). Plaintiff's actual argument is that he could not file a meaningful application for a certificate of probable cause to appeal without access to the aforementioned transcripts. This contention is meritless.

5

Petitioner's presumed lack of access to various transcripts does not explain his failure to timely comply with O.C.G.A. § 9-14-52(b).[2]  At a minimum, Petitioner could have timely filed his application for a certificate of probable cause to appeal and explained therein his need for the transcripts and his difficulty in proceeding without them.  Simply put, Petitioner has not identified any cause to excuse his failure to comply with O.C.G.A. § 9-14-52(b) and the resulting procedural default.  Nor has he provided any reason to suppose that denying his petition will result in a fundamental miscarriage of justice.  In sum, Petitioner's claims are procedurally barred, and the Court need not reach the merits.[3]

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that the petition be

---

[2]Of note, had Petitioner filed an application for discretionary review with the Georgia Supreme Court, the clerk of the state habeas court would have been required to forward the record and any transcripts to the Georgia Supreme Court.  See O.C.G.A. § 9-14-52 (b)("In order for the Supreme Court to consider fully the request for a certificate, the clerk of the concerned superior court shall forward, as in any other case, the record and transcript, if designated, to the clerk of the Supreme Court when a notice of appeal is filed."); see also  Brand v. Szabo, 263 Ga. 119, 119, 428 S.E.2d 325, 325 (1993).

[3]Of course, to the extent Petitioner attempts to raise new claims he has never presented in state court, such claims are also procedurally defaulted, as these claims would be barred if Petitioner were to attempt to raise them in state court.  Georgia law requires state habeas petitioners to raise all available grounds for relief in a first or amended habeas petition.  See O.C.G.A. § 9-14-51. Under § 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition.  See id.
Where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.").  Of particular note here, the Eleventh Circuit has held that Georgia's successive petition statute should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).  In sum, any claims not raised in Petitioner's state habeas petition have been procedurally defaulted.

6

**DENIED**, that Petitioner's pending motions (doc. nos. 11-13) be **DENIED** as **MOOT**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.[4]

SO REPORTED and RECOMMENDED this 15th day of March, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]Given the Court's disposition of this matter, Petitioner's motion for reconsideration of this Court's December 16, 2005 Order denying his request for discovery should also be **DENIED** as **MOOT**. (Doc. no. 11).